# EXHIBIT A



# SUMMONS

### IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

JESSE A. KRIEG,

    Plaintiff,

v.

ECM SUPPLY LLC,

    Defendant.

Case No. 17-C-47

Judge Wilson

To the above-named Defendant: ECM Supply, LLC

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Matthew T. Logue, Esquire, Plaintiff's attorney, whose address is 200 First Avenue, Third Floor, Pittsburgh, PA 15222, an answer, including any related counterclaim you may have to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: 4/10/17

_____
Clerk of the Circuit Court of Hancock County, West Virginia

IN THE CIRCUIT COURT OF HANCOCK COUNTY, WEST VIRGINIA

JESSE A. KRIEG,

    Plaintiff,

v.

ECM SUPPLY LLC,

    Defendant.

Case No. 17-C-47

Judge Wilson

**JURY TRIAL DEMANDED**

## COMPLAINT

### Nature of Suit

The purpose of this lawsuit is to recover damages on behalf of Plaintiff for past and, on information and belief, ongoing tortious conduct committed by Defendant, to enjoin Defendant from continuing tortious conduct vis-à-vis Plaintiff, and to obtain a declaration regarding the validity of a purported covenant not to compete between Plaintiff and Defendant, *inter alia*, in light of Defendant's termination of Plaintiff's employment.

### Background

1. Plaintiff Jesse A. Krieg is a citizen and resident of the State of West Virginia who current resides in Hancock County, West Virginia at 1324 Overlook Drive, Weirton WV 26062.

2. Defendant ECM Supply, LLC is a limited-liability company organized under the laws of the Commonwealth of Pennsylvania with its principal place of business listed with the Pennsylvania Department of State as 535 Smithfield Street, Suite 800, Pittsburgh, PA 15222; at all times relevant to this Complaint, Defendant has transacted business in the State of West Virginia and has had contacts with the State of West Virginia sufficient to establish jurisdiction over Defendant by this Honorable Court.

3. Plaintiff began employment with Defendant on January 26, 2015 at which time he was an account manager; he subsequently became the Regional Sales Manager-Northeast in December 2015 and thereafter Plaintiff was promoted to Director of Sales in January 2017.

4. On or around January 2017, Defendant compelled Plaintiff to sign a purported covenant not to compete and on information and belief, Plaintiff asserts that Defendant did so maliciously with plans to terminate Plaintiff as it shortly did so in March 2017.

5. On or about, March 27, 2017 Defendant terminated Plaintiff and despite repeated requests, Defendant has refused to provide a termination letter.

6. On or about March 31, 2017 Defendant, via its lawyer, sent Plaintiff a letter threatening legal action following Plaintiff's necessary attempt to obtain post-termination employment.

7. Moreover, Defendant's lawyer accused Plaintiff of having company property, despite Plaintiff having returned all company property (i.e. laptop and truck) in his possession on the date of his termination.

8. On information and belief, Defendant has and is communicating with prospective employers of Plaintiff in an unlawful attempt to prevent Plaintiff from making a living and supporting his family.

9. Plaintiff is attempting to make decisions with regarding to his future employment and the purported covenant not to compete and Defendant's tortious conduct is a cloud upon Plaintiff's ability to earn a living going forward.

## COUNT I – DECLARATORY JUDGMENT

10. Plaintiff reasserts as if specifically set forth herein all allegations contained in the foregoing paragraphs.

11. Under West Virginia law, a declaratory judgment action is a proper means to challenge the enforceability of a non-competition covenant.

12. Pursuant to the West Virginia Declaratory Judgment Act, West Virginia Code, §55-13-1, et seq., and West Virginia Rule of Civil Procedure 57, the courts of record of the State of West Virginia shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.

13. Plaintiff respectfully requests that this Honorable Court establish the legal rights of the parties as to the purported covenant not to complete and that the Court determine that any such covenant not to compete is unlawful and unenforceable.

14. Covenants not to compete are not favored and are to be approached by Courts with great reservation and a strict view against their enforcement is to be taken. *See e.g., Voorhees v. Guyan Machinery Co.*, 191 W. Va. 450, 446 S.E.2d 672 (1994).

15. The alleged covenant not to compete is otherwise unenforceable as, among other things:

   a. There exists no valid and enforceable contract which contains the alleged covenant not to compete and any alleged covenant fails due to lack of consideration;

   b. Defendant's conduct as set forth above and under the circumstances alleged herein, constituted fraud, constructive or actual, and/or a breach of the duty of good faith and fair dealing and therefore there exists no valid and enforceable contract and/or alleged covenant not to compete;

   c. There exists no valid and enforceable contract which contains the alleged covenant not to compete due to duress;

   d. Any alleged covenant is unreasonable on its face due to it being excessively broad in time and area limitations, and is otherwise unreasonably broad in scope;

  e. The covenant is not reasonably necessary to protect any relevant business interest of Defendant;

  f. The covenant was designed to intimidate and repress Plaintiff and is therefore unenforceable;

  g. If enforced, the purported covenant would impose an undue hardship on Plaintiff and family;

  h. Plaintiff possesses no trade assets or other protected information associated with Defendant's business and any which Defendant may claim he possesses are such that belong to Plaintiff and not Defendant;

  i. The purported covenant is against public policy; and

  j. The purported covenant is otherwise unreasonable and unenforceable under applicable law.

16. The purported, restrictive covenant is unenforceable under West Virginia law and Defendant's actions at all times in seeking to enforce it are malicious and vexatious.

17. In light of the extreme financial hardship to be suffered by Plaintiff which will only worsen as this matter remains pending, Plaintiff respectfully requests that this declaratory judgment action be placed on the trial calendar in an expedited manner.

18. Plaintiff further seeks all damages occasioned by Defendant's tortious actions as set forth more fully herein.

## COUNT II – TORTIOUS INTERFERENCE

19. Plaintiff reasserts as if specifically set forth herein all allegations contained in the above paragraphs.

20. On information and belief, Defendant is and has communicated with potential future employers of Plaintiff in an effort to cast Plaintiff in a negative light.

21. The motivation and effect of Defendant in making these tortious communications is to prevent Plaintiff from gaining future employment.

22. At all times material hereto, Defendant knew the restrictive covenant upon which it may rely was unenforceable and invalid, and Defendant's actions at all times in seeking to enforce the same are malicious and vexatious.

23. As a result of Defendant's conduct as set forth herein, Plaintiff has suffered and will continue to suffer financially. In addition, Plaintiff seeks recovery for his emotional distress and annoyance and inconvenience suffered and to be suffered in the future.

24. Plaintiff is further entitled to punitive damages from Defendant due to its intentional and malicious conduct as set forth herein.

WHEREFORE, Plaintiff demands as follows:

1. That Defendant be ordered to produce all purported agreements between the parties;

2. A declaratory judgment that there are no enforceable restrictive covenants affecting or restricting his ability to engage in employment in the future;

3. That these proceedings as to the Declaratory Judgment be expedited for the reasons stated herein and that the Court issue a preliminary injunction prohibiting Defendant from taking action against Plaintiff;


4. That Plaintiff be awarded against Defendant all damages claimed herein, compensatory and punitive, along with all relief otherwise allowable under the law, plus costs, interest, and attorney's fees.

5. Plaintiff further demands a TRIAL BY JURY.

Respectfully submitted,

*/s/ Matthew T. Logue*
Of Counsel for Plaintiff

QUINN LOGUE LLC

Matthew T. Logue, Esquire
WV State Bar No. 9123
matt@mattlogue.com

200 First Avenue, Third Floor
Pittsburgh, PA 15222
T: (412) 765-3800
F: (866) 480-4630

Date:  April 10, 2017